SOL:SBJ
(07) 02587

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, : <br> United States Department of Labor <br> : <br> Plaintiff, <br> : <br> : <br> v.  : <br> : <br> FRIEDWALD CENTER FOR REHABILITATION : <br> & NURSING LLC; and BARRY WINDT, <br> Individually, : <br> : <br> Defendants. : | Civil Action <br><br> File No. 08-0241 <br><br> **COMPLAINT** |

-----------------------------------------------------------------

Plaintiff, ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendants violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act.

II.

Defendant FRIEDWALD CENTER FOR REHABILITATION & NURSING LLC is a limited liability corporation duly organized under the laws of the State of New York having its principal office and place of business at 475 New Hempstead Road, New City, New York 10956, within the jurisdiction of this court, where it is engaged in business as a residential nursing home.

III.

Defendant, Friedwald Center for Rehabilitation & Nursing LLC has regulated the employment of all persons employed by it, acted directly and indirectly in the its interest in relation to its employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

IV.

Defendant, Barry Windt, who has maintained a place of business at 475 New Hempstead Road, New City, New York 10956, is the sole member of Friedwald Center for Rehabilitation & Nursing LLC, in active control and management of the defendant corporation, regulated the employment of all persons employed by the defendant corporation, acted directly and indirectly in the interest of the defendant corporation in relation to its employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

V.

Defendants are employing employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, in that defendants are engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(B) of the Act.

VI.

Defendants in many workweeks have violated the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the

prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were employed, and therefore defendants are liable for unpaid overtime compensation under section 17 of the Act.

VII.

Defendants have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516; more specifically, defendants failed to keep accurate records of hours worked by employees.

VIII.

Defendants have violated the provisions of the Act as alleged above since at least April 17, 2004.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

**(1)**   For an injunction issued pursuant to Section 17 of the Act permanently restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating the provisions of sections 7, 11, 15(a)(2), and 15(a)(5) of the Act; and

**(2)**   For an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(3) For an order awarding plaintiff the costs of this action; and

(4) For an order granting such other and further relief as may be necessary and appropriate.

DATED: January 11, 2008
New York, New York

/s/ Gregory Jacobs
GREGORY F. JACOB
Solicitor of Labor

/s/ Patricia Rodenhausen
PATRICIA M. RODENHAUSEN
Regional Solicitor

BY: /s/ Susan Jacobs
SUSAN B. JACOBS
Senior Trial Attorney
SJ (8388)

U.S. Department of Labor
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 212-337-2116

4