SOL:SBJ
(07)02587

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

ELAINE L. CHAO, Secretary of Labor,              :
United States Department of Labor
                                                 :
                              Plaintiff,
                                                 :

                  v.                             :

FRIEDWALD CENTER FOR REHABILITATION :
& NURSING LLC; and BARRY WINET,
Individually,                                    :

                              Defendants.        :

-------------------------------------------------------------

Civil Action

File No. 08-0241-CLB

**CONSENT JUDGMENT**

Plaintiff ("the Secretary") has filed her complaint and defendants appeared by Counsel and an agreement was reached by the parties to resolve the issues raised in this action. Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment, and that the defendants, without admitting or denying the alleged violations, consent to the entry of this Judgment; it is, therefore, upon motion of the attorneys for plaintiff and for good cause shown:

I.     ORDERED, ADJUDGED, AND DECREED that defendants FRIEDWALD CENTER FOR REHABILITATION & NURSING LLC and BARRY WINET, their officers, agents, and employees, and all persons acting or claiming to act in their interest are permanently enjoined and restrained from violating the provisions of section 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair

Labor Standards Act of 1938, as amended, (29 U.S.C. §201 et seq.), ("the Act"), in any of the following manners:

(1)    Defendants shall not, contrary to section 7 of the Act, employ any of their employees in any workweek who are employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2)    Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516; and

(3)    Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

a.    Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

b.    Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is

2

a business relationship; or

       c.    Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act; and

      Further, the Court finding, as agreed by Defendants that FIFTY-FIVE THOUSAND DOLLARS ($55,000) is due certain employees as compensation for any overtime that may have been owed, plus post-judgment interest in the amount of $586.72 according to Schedule A, it is:

      II.    ORDERED, ADJUDGED, AND DECREED that the defendants FRIEDWALD CENTER FOR REHABILITATION & NURSING LLC and BARRY WINET are restrained from withholding the payment of overtime compensation and post-judgment interest due to their employees in the total sum of $55,586.72. Payment of the overtime compensation and post-judgment interest shall be made in three installments as follows:

      1.    The first lump-sum payment in the amount of **$18,528.72** shall be made on or before February 15, 2008;

      2.    The second lump-sum payment of **$18,529** shall be made on or before April 15, 2008; and

      3.    The third lump-sum payment of **$18,529** shall be made on or before June 15, 2008.

All three lump-sum payments shall be paid by defendants by delivering a lump-sum certified check made payable to "Wage and Hour-Labor" to the U.S. Department of Labor to the following address:

3

**U.S. Department of Labor**
**Wage and Hour Division, Regional Office**
**The Curtis Center, Suite 850 West**
**170 South Independence Mall West**
**Philadelphia PA 19106-3317**

The plaintiff shall deliver the proceeds of the check less any legal deductions to the employees as indicated in Schedule A.

III.    ORDERED that in the event that any one installment payment is not made within 10 days of the due date as set forth above, all remaining installment payments become due immediately.

IV.    ORDERED that neither defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages and post-judgment interest under this Judgment.

V.    ORDERED that Defendants shall assist the U.S. Department of Labor in the distribution of the back wages and post-judgment interest due by providing the last known addresses and social security numbers of the defendants' employees and former employees to be paid.

VI.    ORDERED that any sums not distributed to the employees named on Schedule A, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VII.    ORDERED that if the defendants fail to make any of the installment payments as set forth above, then the Court shall appoint John Braslow, Esq. as a Receiver. If John Braslow, Esq. is unavailable or declines to act as a Receiver, the plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may

appoint another Receiver at its discretion. In the event a Receiver is appointed, it is further

VIII.    ORDERED that defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an independent certified public accountant and\or the Receiver, and shall testify, if the accountant or Receiver so decides; and it is further

IX.    ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendants; and it is further

X.    ORDERED that if the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

XI.    ORDERED that the Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order; and it is further

XII.    ORDERED that the defendants shall advise all their employees in Spanish and English of the employees' rights under the Fair Labor Standards Act, including the payment of minimum and overtime wages and the rights of employees to engage in activity protected by the Act without fear of retaliation. This advice to employees shall take place within 30 days of the entry of

5

this Judgment on a workday; and it is further

XIII.    ORDERED that defendants shall place posters provided by the Wage and Hour Division with information about the Act where employees may view them; and

XIV.    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendants not listed in Schedule A of this Judgment, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Schedule A of this Judgment to file any action against defendants under section 16(b) of the Act for any violations alleged to have occurred after April 22, 2006.

XV.    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each party will

bear its own fees and other expenses incurred by such party in connection with any stage of this

proceeding.                                        *So ORDERED!*

DATED: _____ 2008

_____
UNITED STATES DISTRICT JUDGE
HONORABLE CHARLES L. BRIEANT

Defendants appeared by counsel
and the entry of this
Judgment is hereby consented to
by defendants.

BY: _____
BARRY WINET, Owner
FRIEDWALD CENTER FOR REHABILITATION & NURSING LLC

_____
BARRY WINET, Individually

_____
DAVID F. JASINSKI, ESQ.
Attorney for Defendants

## SCHEDULE A

| EMPLOYEE NAME | OVERTIME | INTEREST | TOTAL |
|---|---|---|---|
| Aleyamma Abraham | $ 39.70 | $ 0.69 | $ 40.39 |
| Rachel Abraham | $ 319.24 | $ 5.53 | $ 324.77 |
| Sushamma Alexander | $ 37.43 | $ 0.65 | $ 38.08 |
| Alxes Alexandre | $2,271.70 | $ 9.21 | $2,280.91 |
| Theresa Beauvil | $ 49.37 | $ 0.85 | $ 50.22 |
| Yurose Belizaire | $ 235.25 | $ 4.07 | $ 239.32 |
| Erica Bello | $ 46.80 | $ 0.81 | $ 47.61 |
| Micheline Bobo | $2,101.23 | $ 8.52 | $2,109.75 |
| Doris Buenviaje | $4,276.86 | $45.46 | $4,322.32 |
| Winnicent Burrell | $ 498.78 | $ 2.02 | $ 500.80 |
| Divina Caburnay | $1,059.44 | $11.26 | $1,070.70 |
| Connie Choi | $1,888.93 | $20.08 | $1,909.01 |
| Ioline Clark | $ 803.95 | $ 3.26 | $ 807.21 |
| Angelina Cuyugan | $ 188.26 | $ 0.76 | $ 189.02 |
| Guirlele Dauphin | $ 357.85 | $ 6.20 | $ 364.05 |
| Valancia Desamours | $1,729.72 | $29.95 | $1,759.67 |
| Marie Desir | $ 180.90 | $ 3.13 | $ 184.03 |
| Leovina Dimanlig | $1,902.91 | $32.95 | $1,935.86 |
| Natividad Ferido | $1,197.15 | $18.48 | $1,215.63 |

8

| EMPLOYEE NAME | OVERTIME | INTEREST | TOTAL |
|---|---|---|---|
| Roseline Fildor | $1,407.86 | $14.97 | $1,422.83 |
| Joan Flatley | $   70.50 | $ 1.22 | $    71.72 |
| Maude Francois | $   78.12 | $ 1.35 | $    79.47 |
| Gabriel A. Gabasan, Jr. | $2,958.92 | $30.11 | $2,988.93 |
| Louella Gargantilla | $  137.75 | $ 2.39 | $  140.14 |
| Annamma Geevarghese | $1,058.62 | $11.25 | $1,069.87 |
| Betty George | $1,278.22 | $ 5.18 | $1,283.40 |
| Marykutty George | $  261.44 | $ 4.53 | $  265.97 |
| Tracey Giarnella | $  138.96 | $ 2.41 | $  141.37 |
| Akeshia Hart | $  127.13 | $ 2.20 | $  129.33 |
| Olga Hernandez | $  345.34 | $ 5.98 | $  351.32 |
| Maria James | $  420.81 | $ 1.71 | $  422.52 |
| Treshea-Gaye Jean | $  327.19 | $ 5.67 | $  332.86 |
| Marie Jean-Charles | $   52.90 | $ 0.92 | $   53.82 |
| Miranda Jean-Louis | $  169.52 | $ 2.94 | $  172.46 |
| Marie Joseph | $  282.45 | $ 4.89 | $  287.34 |
| Pascale Jules | $  588.55 | $10.19 | $  598.74 |
| Stephanie Keorasmey | $  384.15 | $ 6.65 | $  390.80 |
| Roseline Levy | $  187.63 | $ 3.25 | $  190.88 |
| Rivelina Lorvil | $  414.89 | $ 1.68 | $  416.57 |

| EMPLOYEE NAME | OVERTIME | INTEREST | TOTAL |
|---|---|---|---|
| Rosemarie Louis Juste | $  814.57 | $ 8.66 | $  823.23 |
| Edmond Marlene | $1,240.23 | $ 5.03 | $1,245.26 |
| Bibby Mathew | $  935.78 | $ 9.95 | $  945.73 |
| Marykutty Mathew | $  383.55 | $ 6.64 | $  390.19 |
| Maria Mercado | $  305.99 | $ 1.24 | $  307.23 |
| Marlene Mondestin | $2,785.58 | $11.30 | $2,796.88 |
| Esskee Nance | $  247.13 | $ 4.28 | $  251.41 |
| Marise Narcisse | $1,654.98 | $28.66 | $1,683.64 |
| Prisca Ngenyi | $  626.87 | $10.85 | $  637.72 |
| Roby Philip | $   58.54 | $ 1.01 | $   59.55 |
| Bermann Pierre | $  361.92 | $ 6.27 | $  368.19 |
| Leena Punnoose | $  332.45 | $ 1.35 | $  333.80 |
| Rejany Jacob Purackal | $  483.91 | $ 1.96 | $  485.87 |
| Yvonne Rollins | $   78.59 | $ 1.36 | $   79.95 |
| Lalaine Rubiano | $  415.36 | $ 4.42 | $  419.78 |
| Joseph Schroeter | $1,259.27 | $13.39 | $1,272.66 |
| Lunique Sejour | $   23.44 | $ 0.41 | $   23.85 |
| Riza Shaghafi | $  190.73 | $ 3.30 | $  194.03 |
| Rosemarie Smart | $  870.74 | $15.08 | $  885.82 |
| Lisamma Thomas | $1,111.21 | $11.81 | $1,213.02 |

| EMPLOYEE NAME | OVERTIME | INTEREST | TOTAL |
|---|---|---|---|
| Molly Thomas | $1,030.23 | $10.95 | $1,041.18 |
| Judy Thompson | $    94.04 | $ 1.63 | $    95.67 |
| Raymunda Trillana | $  227.39 | $ 3.94 | $  231.33 |
| Dona Turkin | $2,251.18 | $38.98 | $2,290.16 |
| Sherly Varghese | $    94.68 | $ 1.64 | $    96.32 |
| Sosamma Varughese | $4,306.21 | $17.46 | $4,323.67 |
| Ruth Wackman | $  164.65 | $ 2.85 | $  167.50 |
| Shanda Whittle | $1,318.89 | $22.84 | $1,341.73 |
| Elizabeth Yohannah | $    55.29 | $ 0.96 | $    56.25 |
| Iyabo Yusuf | $  720.00 | $12.47 | $ 732.47 |
| Camille Zappier | $  680.18 | $ 2.76 | $ 682.94 |
| **TOTALS** | **$55,000** | **$586.72** | **$55,586.72** |

11

RESOLVED, that FRIEDWALD CENTER FOR REHABILITATION & NURSING LLC, hereby ratifies and confirms the offer made to ELAINE L. CHAO, Secretary of Labor, with respect to the alleged violations of the Fair Labor Standards Act of 1938, as amended, and that the corporation consents to the entry of the Consent Judgment, said judgment to be entered in an action which has been filed by ELAINE L. CHAO, Secretary of Labor, against the corporation and the officers of the corporations be, and they hereby are, authorized to do and perform all acts and things necessary to effectuate the provisions of said judgment and any or all stipulations, amendments and changes therein.

The undersigned, BARRY WINET, President of FRIEDWALD CENTER FOR REHABILITATION & NURSING LLC, hereby certifies that the foregoing is a true copy of a resolution adopted by the Corporation, as evidenced by the signature of the officer of the Corporation who is duly authorized to bind the Corporation to the terms of this injunction against it. The undersigned further certifies that BARRY WINET whose signature appears below is of said corporation and that he has duly been authorized by said resolution to execute the aforementioned consent to the entry of said judgment on behalf of the corporation.

(AUTHORIZED OFFICER)

CORP.
SEAL

12

STATE OF NEW YORK        )
                                         :SS:
COUNTY OF ROCKLAND )

On the 28ᵗʰ day of January, 2008 before me came BARRY WINET, to me known, who, being by me duly sworn, did depose and say that he is the of President of FRIEDWALD CENTER FOR REHABILITATION & NURSING LLC, the corporation described in and which executed the foregoing instrument, that he is a duly authorized officer of said corporation, and that he signed his name thereto by like order.

NOTARY PUBLIC

MARY JOSEPHINE CYTRYN
Notary Public, State of New York
No. 4990553
Qualified in Rockland County
Commission Expires January 6, 2010

STATE OF NEW YORK        )
                                         :SS
COUNTY OF ROCKLAND )

On the 28ᵗʰ day of January, 2008 before me personally appeared BARRY WINET to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

NOTARY PUBLIC

MARY JOSEPHINE CYTRYN
Notary Public, State of New York
No. 4990553
Qualified in Rockland County
Commission Expires January 6, 2010

13